IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Recardo Domiceke Blakney, | ) | Criminal Action No.: 4:06-cr-00584-RBH-1 |
| | ) | Civil Action No.: 4:11-cv-70024-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court with (1) Respondent's [Docket Entry 201] Motion to Dismiss filed on February 4, 2011, and (2) Petitioner's [Docket Entry 197] *Pro Se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") filed on January 28, 2011.[1] Also before the court is Petitioner's [Docket Entry 180] "Rule 60(b) Motion" filed on June 14, 2010.[2]

**Background**

On May 24, 2006, a federal grand jury returned an indictment charging Petitioner with various firearms offenses. *See* Indictment [Docket Entry 2]. On October 5, 2006, Petitioner pled guilty, pursuant to a plea agreement, to Counts One and Seven. *See* Guilty Plea [Docket Entry 103]. Count One charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment at 1-2. Count Seven charged Petitioner with stealing firearms, in violation of 18 U.S.C. § 924(l). *See id.* at 3-4. On December 18, 2006, the court sentenced Petitioner to a term of 140 months of imprisonment. Judgment was entered accordingly on December 20,

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] *Houston*, 487 U.S. 266.

2006. *See* Judgment [Docket Entry 139].

Petitioner did not file a direct appeal. *See* Motion to Vacate at 2. On June 14, 2010, Petitioner filed his "Rule 60(b) Motion." Then, on January 28, 2011, Petitioner filed his Motion to Vacate. In his Motion to Vacate, Petitioner raised the following ground for relief:

> **Ground One:** Failure to Stop for a Blue Light
>
> **Supporting Facts:** A prior conviction of the South Carolina state offense of Failure to Stop for a Blue Light was used to enhance my sentence by the offense level guidelines. Since my incarceration the 4th Circuit Court of Appeals ruled that Failure to Stop for a Blue Light is no longer a crime of violence for which it was used as in my case.

Motion to Vacate at 4. Respondent filed its Motion to Dismiss on February 4, 2011. Because Petitioner is proceeding *pro se*, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 8, 2011, advising Petitioner of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner timely filed his [Docket Entry 205] Response in Opposition.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing

Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## Discussion

I.     § 2255 Motion to Vacate

In his Motion to Vacate, Petitioner seeks to be re-sentenced in light of *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010). In *Rivers*, the Fourth Circuit "h[e]ld that under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA." *Id.* at 560. Respondent contends that the Motion to Vacate should be dismissed as untimely "because [the] § 2255 motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable." Motion to Dismiss at 5. Upon review, the court agrees with Respondent that the Motion to Vacate should be dismissed as untimely.

The timeliness of Petitioner's Motion to Vacate is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires. *Evans v. United States*, No. 4:09-70049-TLW, 2010 WL 1052824, at *2 (D.S.C. Mar. 19, 2010); *see Clay v. United States*, 537 U.S. 522 (2003); *see also United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that the petitioner's conviction became final on the date on which he declined to pursue direct appellate review); *accord Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (noting that a judgment of conviction becomes final in most cases when the time for filing a direct appeal expires).

Here, as stated above, Petitioner's conviction and sentence were imposed by Judgment filed on December 20, 2006. Because Petitioner did not seek direct appellate review, his Judgment became final for the purpose of starting the one-year limitation period in January of 2007.[3] Petitioner then had one year, specifically until January 2008, in which to file his § 2255 Motion to Vacate. Petitioner did not file his Motion to Vacate at issue here until January 28, 2011, approximately three (3) years after the one-year limitation period had expired. As such, the § 2255 Motion is untimely under § 2255(f)(1).[4]

Petitioner does assert that his Motion to Vacate is timely based on the recent *Rivers* case. Specifically, Petitioner repeatedly, but incorrectly, argues that his Motion to Vacate is timely because

---

[3] Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Petitioner had ten (10) days from that Judgment date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(1) (2006); *see also* Fed. R. Civ. P. 6(a) (2006) (providing "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation").

[4] The court notes that Petitioner does not contend that the Government wrongly prevented him from earlier filing a § 2255 Motion.

4

he filed it within one (1) year of the *Rivers* decision. *See* Response in Opp. at 6 ("Thus, it is *Rivers* that sets the date for the time period in [§ 2255(f)(3)]."). While a petitioner may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review,[5] this is not what occurred in this case. Most notably, the *Rivers* case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period. Additionally, while the Fourth Circuit in *Rivers* did rely upon *Chambers v. United States*, 555 U.S. 122 (2009), in ruling that a South Carolina blue light conviction does not qualify as a violent felony, the United States Supreme Court issued its decision in *Chambers* on January 13, 2009. Therefore, even if the court were to assume, without deciding, that *Chambers* applies retroactively and Petitioner could have *timely* filed a motion to vacate within one (1) year after the *Chambers* decision, he still failed to do so. Rather, the instant Motion to Vacate was filed on January 28, 2011, more than two (2) years after the Supreme Court ruled in *Chambers*.[6] Accordingly, Petitioner's Motion to Vacate is also untimely under § 2255(f)(3).

Petitioner, in his Response in Opposition, makes several additional arguments regarding timeliness. However, each of those arguments is equally without merit. First, Petitioner argues that his Motion to Vacate is timely under § 2255(f)(4). That section provides that a § 2255 motion to vacate is timely if filed within one (1) year from "the date on which the facts supporting the claim

---

[5] *See* § 2255(f)(3).

[6] The court does note that Petitioner also filed his "Rule 60(b) Motion" on June 14, 2010, which raised the same ground for relief as his later-filed Motion to Vacate. However, even if the court were to, in an abundance of caution, give Petitioner's Motion to Vacate the benefit of the Rule 60(b) Motion's June 14, 2010 filing date, which it does not, the Motion to Vacate would still be untimely because it was not filed within one (1) year of *Chambers*.

or claims presented could have been discovered through the exercise of due diligence." Here, Petitioner argues that "[a] blue light is now per se not a violent felony. This fact is a new fact and was only made clear, and thus discoverable after *Rivers*." Response in Opp. at 7. "A legal decision is not a 'new fact' for purposes of [§ 2255(f)(4)]." *United States v. Freeman*, No. 1:03CR00018, 2009 WL 2241336, at *2 (W.D. Va. July 27, 2009); *see also Peoples v. United States*, No. L-10-212, 2010 WL 1375143, at *2 n.3 (D. Md. March 31, 2010) ("A change in . . . case law is not . . . newly discovered evidence for purposes [of] § 2255(f)(4)."). Stated another way, "[t]he limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not . . . a change in the law." *United States v. Anderson*, No. 3:05-179-CMC, 2010 WL 4721135, at *1 (D.S.C. Nov. 15, 2010). Accordingly, because the rule of law announced in *Rivers* is not a "new fact" and Petitioner has failed to point to any other "new facts" necessary for his claim, he cannot show that his Motion to Vacate is timely under § 2255(f)(4).

Petitioner next argues that the court should consider the merits of his Motion to Vacate, regardless of timeliness, because he is "actually innocent" of his enhanced sentence. *See* Response in Opp. at 2-4. Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). However, in the context of a motion time-barred under § 2255(f), the court has serious doubts as to whether an "actual innocence" exception exists.[7] Regardless, even if the court were to assume that an "actual

---

[7] While the Fourth Circuit has not expressly ruled that an "actual innocence" exception exists for motions time-barred under either § 2255(f) or § 2244(d), *see DiCaprio-Cuozzo v. Johnson*, --- F. Supp. 2d ----, 2010 WL 4007622, at *9 (E.D. Va. Oct. 12, 2010), multiple other circuits have concluded that there is no such exception. *See Lee v. Lampert*, 610 F.3d 1125, 1128-31 (9th Cir. 2010) (concluding there was no actual innocence exception to the AEDPA's statute of limitations); *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005) (holding that actual innocence "is unrelated to the statutory timeliness rules . . . [and] does not extend the time to seek collateral relief"); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) (holding that "defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as

innocence" exception exists in this context, Petitioner has failed to meet its extremely high threshold standard.[8] A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 327). Moreover, a petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[I]n the context of habitual offender provisions[,]" the Fourth Circuit recently held that "actual innocence applies . . . only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). Here, in attacking his enhanced sentence, Petitioner does not challenge any of his underlying predicate crimes based on factual innocence, but rather argues only that his failure to stop for a blue light conviction is no longer legally classified as a crime of violence.[9] Petitioner's legal arguments regarding the

---

those against whom the evidence is overwhelming"); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (stating that claims of actual innocence do not "justify equitable tolling of the limitations period"); *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) (noting that there is no actual innocence exception separate from the usual equitable tolling factors); *but see Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005) (allowing equitable tolling of the AEDPA's statute of limitations based on actual innocence). With there appearing to be no Fourth Circuit authority to support Petitioner's position, the court finds compelling those cases declining to find an actual innocence exception.

[8] "[T]he ['actual innocence'] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)).

[9] The court notes that Petitioner, in making his "actual innocence" argument, relied heavily on *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010). However, not only is *Gilbert* an Eleventh Circuit case, which has no precedential value in this circuit, but the Eleventh Circuit recently vacated that opinion. *See Gilbert v. United States*, 625 F.3d 716 (2010). In addition, Petitioner incorrectly contends that *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), a Fourth Circuit case, supports his actual innocence argument. The Fourth Circuit, in *Pettiford*, recently clarified its holding in *Maybeck*: "Under the reasoning of *Maybeck*, actual innocence applies in the context of habitual offender provisions *only where the challenge to eligibility stems from factual innocence of the predicate crimes*, and not from the legal classification of the predicate crimes." *Pettiford*, 612 F.3d at 284 (emphasis added).

7

classification of his predicate offense are insufficient to establish "actual innocence."

In addition, Petitioner similarly argues that he is entitled to equitable tolling of § 2255(f)'s one-year limitation period. Specifically, Petitioner argues that "[s]urely this court will find that a person who is currently incarcerated for a crime they are actually innocent of constitutes an exceptional circumstances and thus [will] use its discretion to equitably toll the one year statute of limitations of §2255." Response in Opp. at 8. Section 2255's one-year limitation period "is subject to equitable modifications such as tolling." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). However, the Fourth Circuit has held "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse*, 339 F.3d at 246 (holding that a petitioner is entitled to equitable tolling if he "presents (1) extraordinary circumstances, (2) beyond his own control or external to his own conduct, (3) that prevented him from filing on time."). In our case, Petitioner's equitable tolling argument hinges entirely on his alleged "actual innocence." It is unclear whether "actual innocence" can constitute grounds for equitable tolling.[10] Regardless, as thoroughly discussed above, Petitioner has not established "actual innocence," *see supra* pp. 6-8, and, thus, he is not entitled to equitable tolling based on any such grounds. *See, e.g.*, *United States v. Green*, No. 7:99-32, 2009 WL

---

[10] "There is no authority in [the Fourth] Circuit or the Supreme Court that supports Petitioner's contention that actual innocence constitutes grounds for equitable tolling of the one-year AEDPA limitation. The Sixth Circuit has allowed equitable tolling based on actual innocence. . . . However, several other circuits have rejected the argument . . . ." *Palmer v. United States*, No. 3:08CV16, 2010 WL 5621338, at *4 (W.D.N.C. Dec. 22, 2010), *adopted by*, 2011 WL 198114 (W.D.N.C. Jan. 20, 2011) (internal citations omitted).

2840491, at *3 (W.D. Va. Aug. 31, 2009) ("Petitioner does not qualify for equitable tolling under the actual innocence exception because he does not present any new exculpatory evidence.").

Finally, Petitioner appears to argue that he should be entitled to "[a]lternative relief pursuant to 28 U.S.C. § 2241[,]" if this court denies him relief under § 2255. Response in Opp. at 4. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate under § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. Accordingly, to the extent Petitioner seeks relief pursuant to § 2241, he can only do so in a separate action properly brought under § 2241.[11]

In sum, Petitioner's Motion to Vacate is untimely, and Petitioner has not presented any arguments sufficient to warrant review of the Motion despite its untimeliness.

II.     "Rule 60(b) Motion"

On June 14, 2010, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b)[12] seeking to be re-sentenced in light of *Rivers*, 595 F.3d 558. In that motion, Petitioner argued that his sentence was improperly enhanced because he no longer qualified as a Career Offender. Rule 60(b) Motion at 2. However, a defendant may not challenge his criminal judgment using the Federal Rules of Civil Procedure. *See United States v. Grapes*, No. 10-7612, 2011 WL 195672, at *1 (4th Cir. Jan. 21, 2011) (unpublished) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [Defendant] may challenge his criminal judgment.") (citing *United States v. O'Keefe*, 169

---

[11] The court notes that a federal prisoner may file a § 2241 petition if § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Vial*, 115 F.3d at 1194 n.5 (internal citations omitted).

[12] Rule 60(b), Federal Rules of Civil Procedure, provides the "Grounds for Relief from a Final Judgment, Order, or Proceeding."

F.3d 281, 289 (5th Cir. 1999)); *United States v. Leake*, 96 F. App'x 873, 873 (4th Cir. 2004) ("[Defendant] cannot challenge an order in his criminal case using the Federal Rules of Civil Procedure . . . ."). Moreover, even if the court were to consider the "Rule 60(b) Motion," it would be untimely as Petitioner filed the motion more than three (3) years after the expiration of the time for filing a notice of direct appeal. *See United States v. McKelver*, 225 F. App'x 185, 186 (4th Cir. 2007) (affirming the dismissal of a Rule 60(b) motion as untimely because the defendant had "submitted his Rule 60(b) motion well beyond the applicable period of time provided to notice an appeal of the judgment he sought the district court reconsider"); *see also Willis v. United States*, No. 3:08cv517, 2009 WL 3150304, at *1 (W.D.N.C. Sept. 30, 2009) (dismissing a Rule 60(b) motion as untimely because it "was filed more than ten days after entry of the judgment"). Accordingly, Petitioner's "Rule 60(b) Motion" should be denied.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

The court has thoroughly reviewed the entire record, memoranda, and applicable law. For the reasons stated above, it is therefore **ORDERED** that Respondent's Motion to Dismiss is

**GRANTED** and Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED**, *with prejudice*, as time-barred. Additionally, Petitioner's "Rule 60(b) Motion" is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
March 24, 2011